UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NUMAN ADNAN AL-KABY, *et al.,*

        Petitioners,

    v.

GEORGE W. BUSH*, et al.,*

        Respondents.

No. 05-cv-1739 (JR)

**PETITIONER'S MOTION FOR EXTENSION OF TIME
TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED**

Petitioner Numan Al-Kaby hereby moves for a three-week extension of time to respond to the Court's order of September 7, 2005, directing him to show cause why the Petition should not be dismissed. Petitioner needs this additional time to determine whether the government will subject him to legal disabilities as a result of his detention in Iraq, thereby requiring further action by this Court. It is well settled that a habeas petition should not be dismissed as moot, even after the petitioner's release from custody, if there are collateral consequences, such as government-imposed legal impediments, that flow from the petitioner's detention. Here, Mr. Al-Kaby needs additional time to determine whether the government will refuse to renew his expired refugee travel document, take action to restrict his travel, or take adverse action with regard to his citizenship application or immigration status. Additional time is also needed because Mr. Al-Kaby was only recently released and needs more time to discover what legal impediments he faces, and because counsel for Petitioner has limited telephonic access to Mr. Al-Kaby, who is still in Iraq.

Counsel for respondents has informed us that the government will oppose this motion.

**ARGUMENT**

**PETITIONER REQUIRES ADDITIONAL TIME TO DETERMINE
WHETHER HE FACES COLLATERAL CONSEQUENCES
THAT WOULD MERIT FURTHER HABEAS RELIEF**

It is well settled that a petition for habeas corpus relief may be maintained, even after the petitioner has been released from custody, so long as there are burdensome collateral consequences, such as legal disabilities, that flow from petitioner's detention. Spencer v. Kemna, 523 U.S. 1, 7-8 (1998); Carafas v. LaVallee, 391 U.S. 234, 237-38 (1968). The habeas statute provides that a habeas court should "dispose of the matter as law and justice require." 28 U.S.C. § 2243. The Supreme Court has interpreted that provision to mean that a habeas court may provide relief other than immediate release from physical custody, if adverse consequences result from the original detention. Carafas, 391 U.S. at 239.

Petitioner requests an extension of three weeks to determine whether he will experience collateral consequences flowing from his detention and requiring further habeas relief. Additional time is necessary especially because Mr. Al-Kaby's release was so recent that he does not himself yet know what legal obstacles he may face as a result of his five-month detention.

One possible adverse consequence that Mr. Al-Kaby anticipates is the inability to return to the United States promptly and without difficulty. Mr. Al-Kaby, who wants to return to the U.S. very soon, faces a significant obstacle to international travel as a result of his detention. See Declaration of Ranjana Natarajan ("Natarajan Decl.") ¶¶ 6-8. His refugee travel document, which was issued by the U.S. government prior to his departure and authorized his return to the U.S. within a certain time, expired while he was in military detention. Id. ¶ 6; see 8 C.F.R. §223.2(b)(2) (refugee travel documents). At the time of his

release last week, he asked military officials to assist him in getting his refugee travel

documents renewed, and they turned down his request. Id. Without assistance from the

government, and given the high level of security surrounding the U.S. embassy in Baghdad,

Mr. Al-Kaby doubts his ability to enter the U.S. embassy and get his refugee travel document

renewed on his own. Id.

In addition, Petitioner believes that the government may impose other legal

disabilities on Mr. Al-Kaby as a result of his detention. Natarajan Decl. ¶¶ 10-13. Petitioner

is unsure whether the government will surveil or monitor him, or take any adverse action

with regard to his citizenship application or immigration status on the basis of his arrest and

detention. Id. Mr. Al-Kaby has been a lawful permanent resident of the U.S. for ten years,

and an applicant for U.S. citizenship since 2003. If on the basis of his five-month detention

the government were to deny his citizenship application or assert that he is no longer a

permanent resident, these would be severe and unfair adverse consequences. If the

government takes such action, Mr. Al-Kaby would undoubtedly merit further habeas relief.

See e.g. Leitao v. Reno, 311 F.3d 453 (1st Cir. 2002) (entertaining habeas petition of

immigrant no longer in detention because of adverse immigration consequences flowing

from conviction); Chong v. INS, 264 F.3d 378 (3rd Cir. 2001) (same); Smith v. Ashcroft, 295

F.3d 425 (4th Cir. 2002) (same); Zegarra-Gomez v. INS, 314 F.3d 1124 (9th Cir. 2003)

(same).

An extension of time is also necessary to help Petitioner determine if there are other

legal obstacles he faces as a result of his detention. In the handful of days since his release,

Mr. Al-Kaby has reunited with his family and only begun to reassemble the pieces of his life.

Natarajan Decl. ¶ 3. Still reeling from five months of solitary confinement without any

access to the outside world, Mr. Al-Kaby does not and indeed cannot yet know what legal

obstacles may lie ahead.  He has had time only to reacquaint himself with his family and

absorb the sad news that his wife suffered a miscarriage and divorced him while he was

detained.  Id. ¶ 4.  An additional three weeks will give Mr. Al-Kaby and his counsel

sufficient time to determine what legal disabilities have resulted from his detention.  Given

that counsel for Petitioner has limited telephone access to Mr. Al-Kaby, additional time will

also help Counsel ensure sufficient communication with Mr. Al-Kaby about his situation.  Id.

¶¶ 3, 13.

Two different military courts in Iraq determined that Mr. Al-Kaby is an "Innocent

Civilian" under the Geneva Conventions.  As an innocent man, Mr. Al-Kaby should not

suffer any adverse legal consequences as a result of his detention.  Petitioner is also

attempting to negotiate these issues with the government.  Natarajan Decl., ¶¶ 12, 14.  Thus

far, the government has indicated that it is not familiar with "refugee passports" and therefore

has not obtained any information on how Mr. Al-Kaby can renew his expired refugee travel

document.  Id.  With additional time, Petitioner will explain the situation more fully to the

government and, he hopes, obtain the government's assistance in getting Mr. Al-Kaby's

refugee travel document renewed, so that he may return to the U.S. safely and promptly.

Should the parties be unable to resolve these issues, Petitioner will move the Court for

appropriate relief.

**CONCLUSION**

For the reasons stated above, the Court should grant Petitioner an additional three

weeks, to October 3, 2005, to show cause why his Petition should not be dismissed.

A psoposed order is filed herewith.

Respectfully submitted,

_____

Mark D. Rosenbaum
Ranjana Natarajan
Ahilan T. Arulanantham
ACLU Foundation of Southern California
1616 Beverly Boulevard
Los Angeles, California  90026
Tel:  (213) 977-9500, x224


_____

Arthur B. Spitzer
   D.C. Bar No. 235960
American Civil Liberties Union
   of the National Capital Area
1400 20th Street, N.W. #119
Washington, D.C.  20036
Tel: (202) 457-0800

Steven R. Shapiro
Lucas Guttentag
Lee Gelernt
Ben Wizner
American Civil Liberties Union Foundation
125 Broad Street
New York, New York  10004
Tel: (212) 549-2500

Erwin Chemerinsky
Duke University School of Law
Science Drive & Towerview Road
Durham, North Carolina 27708
Tel: (919) 613-7173

Paul Hoffman
Schonbrun DeSimone Seplow Harris & Hoffman
723 Ocean Front Walk
Venice, California  90291
Tel: (310) 396-0731

Counsel for Petitioners


September 12, 2005