UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NUMAN ADNAN AL-KABY, *et al.*, <br><br> Petitioners, <br><br> v. <br><br> GEORGE W. BUSH, *et al.*, <br><br> Respondents. | No. 05-cv-1739 (HHK) |

**NOTICE OF VOLUNTARY DISMISSAL**

Pursuant to Fed. R. Civ. P. 41(a)(1)(i), petitioners hereby dismiss this action voluntarily.

• • • • •

The petition in this case was filed on August 31, 2005. It alleged that Numan Adnan Al-Kaby, a lawful permanent resident of the United States and a refugee from Iraq, was detained in the custody of the U.S. military in Iraq, without charge, access to counsel, or a fair process to challenge his detention.

Mr. Al-Kaby, a Shiite who had always opposed the regime of Saddam Hussein, escaped from Iraq as a refugee in 1991, fearing persecution for his refusal to continue serving in Saddam Hussein's army during its brutal and lawless crackdown on Shiites in southern Iraq. After spending more than three years in a refugee camp, Mr. Al-Kaby arrived in the United States with a grant of political asylum. He lived and worked with his cousin, ultimately saving enough money to open two Middle Eastern restaurants in Kalamazoo, Michigan. He became a lawful permanent resident and applied for U.S. citizenship in 2003.

In the summer of 2004, Mr. Al-Kaby, who strongly supported the war in Iraq and the overthrow of Saddam Hussein, traveled to Iraq to see his family, from whom he had been separated for thirteen years. Upon his arrival in Baghdad, Mr. Al-Kaby reunited with his family. He also began working for an American construction company that was engaged in post-war reconstruction.

One day in early April 2005, he called in sick. When he returned to work two days later, he discovered that the military base where he worked had experienced a mortar attack during his absence. The U.S. military accused him of participating in the mortar attack, reasoning that he must have taken a sick day because he knew in advance that an attack was planned. Mr. Al-Kaby strenuously denied these accusations and proclaimed his innocence, but nevertheless the U.S. military placed him in custody.

Apparently based on no evidence other than the fact that he had called in sick on the day of the mortar attack, Mr. Al-Kaby was detained for five months. In June 2005, he was placed in solitary confinement at Camp Cropper, a U.S. military detention facility near the Baghdad airport. The military deprived Mr. Al-Kaby of access to attorneys, consular officials, and even regular telephone contact and written correspondence with family. Mr. Al-Kaby was not allowed access to magazines or newspapers, and was permitted to talk only to one other fellow prisoner. For several weeks, Mr. Al-Kaby did not know if he had been charged with a crime, whether he would see a judge, or even how long he would be held.

On July 4, 2005, the U.S. government conducted a military hearing for Mr. Al-Kaby to determine whether he was an "enemy combatant." Presiding military officers determined that Mr. Al-Kaby was an "innocent civilian" within the meaning of the Geneva Conventions and recommended his release. Despite this determination, the U.S. military continued to

hold Mr. Al-Kaby in custody, without charge, access to counsel, or any word of when or whether he would be released.

As noted above, the petition in this case was filed on August 31, 2005. On September 2, 2005, the Court ordered the government to show cause by September 6 why Mr. Al-Kaby should not be released, and set a hearing on the matter for September 8.

On September 2, 2005, the U.S. military held another Detainee Status Board hearing for Mr. Al-Kaby. Again the presiding officers at the hearing determined that he was an "innocent civilian" who should be released. On September 6, 2005, the U.S. military finally released Mr. Al-Kaby from its custody.

The principal relief sought by this petition having been obtained, petitioners therefore dismiss the petition voluntarily.

Mr. Al-Kaby has remained in Baghdad since September, 2005, and at the present time plans to remain in Baghdad, because his mother is seriously ill and he is caring for her. Petitioners hope that the detention challenged in this petition will not create an obstacle to Mr. Al-Kaby's return to the United States when he seeks to return. If it does, petitioners may seek further relief from this Court. *See Carafas v. LaVallee*, 391 U.S. 234 (1968) (authorizing habeas court to grant relief from collateral consequences of detention).

Respectfully submitted,

Mark D. Rosenbaum
Ranjana Natarajan
Ahilan T. Arulanantham
ACLU Foundation of Southern California
 1616 Beverly Boulevard
Los Angeles, California  90026
Tel:  (213) 977-9500, x224

    /s/ Arthur B. Spitzer
Arthur B. Spitzer, D.C. Bar No. 235960
American Civil Liberties Union
  of the National Capital Area
1400 20th Street, N.W. #119
Washington, D.C.  20036
Tel: (202) 457-0800

Kary L. Moss
Michael J. Steinberg
American Civil Liberties Union of Michigan
60 West Hancock Street
Detroit, MI  48201
Tel:  (313)578-6814


Steven R. Shapiro
Lucas Guttentag
Lee Gelernt
Ben Wizner
American Civil Liberties Union Foundation
125 Broad Street
New York, New York  10004
Tel: (212) 549-2500

Erwin Chemerinsky
Duke University School of Law
Science Drive & Towerview Road
Durham, North Carolina 27708
Tel: (919) 613-7173

Paul Hoffman
Schonbrun, DeSimone, Seplow,
  Harris & Hoffman
723 Ocean Front Walk
Venice, California  90291
Tel: (310) 396-0731

Attorneys for Petitioners

January 31, 2006